# Exhibit 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** BRONX
-----------------------------------------------------------------x
MILAGROS VELAZQUEZ,

                      Plaintiff/Petitioner,

      - against -                    Index No. 803110/2025E

The City of New York et ano

                    Defendant/Respondent.
-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

    - serving and filing your documents electronically
    - free access to view and print your e-filed documents
    - limiting your number of trips to the courthouse
    - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 02/07/25

Michael F. Villeck
                    Name
The Sanders Firm

            Firm Name

100 Garden City Plaza, Suite 500
                    Address

Garden City, NY 11530

516-741-5252
            Phone

mvilleck@thesandersfirm.com
                    E-Mail

To:   All defendants

FILED: BRONX COUNTY CLERK 02/07/2025 02:57 PM
NYSCEF DOC. NO. 1

INDEX NO. 803110/2025E
RECEIVED NYSCEF: 02/07/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
MILAGROS VELAZQUEZ,

        Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION and THE LONG ISLAND RAILROAD COMPANY,

        Defendants.
-------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates Bronx County as the place of trial.

The basis of venue is: Accident location.

Accident occurred at: East 140th Street, between Walnut Avenue and Bruckner Boulevard Bronx, New York

County of Bronx

**TO THE DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
   January 30, 2025

Yours, etc.,

SANDERS, ARONOVA, GROSSMAN,
WOYCIK, VIENER & KALANT, PLLC

_____
MICHAEL F. VILLECK
Attorneys for Plaintiff
**MILAGROS VELAZQUEZ**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
(516) 741-5252
FILE #: <u>TRIP & F-1605746</u>

TO: **THE CITY OF NEW YORK**
   100 Church Street
   New York, New York 10007

THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION
100 Church Street
New York, New York 10007

AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION
400 West 31 Street, 4th Floor
New York, New York 10001

THE LONG ISLAND RAILROAD COMPANY
93-02 Sutphin Boulevard
Jamaica, New York 11435

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X
MILAGROS VELAZQUEZ,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION and THE LONG ISLAND RAILROAD COMPANY,

                Defendants.
----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

    Plaintiff, by her attorneys, SANDERS, ARONOVA, GROSSMAN, WOYCIK, VIENER & KALANT, PLLC, complaining of the defendants above named, respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF: MILAGROS VELAZQUEZ

    1.    That at all the times hereinafter mentioned, plaintiff was and still is a resident of the County of Bronx, City and State of New York.

    2.    That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the City and State of New York.

    3.    On or about October 10, 2024, within ninety (90) days after accrual of the cause of action herein, plaintiff served upon the defendant, THE CITY OF NEW YORK, the Notice of Claim setting forth the time when, the place where and the manner in which the claim arose; said Notice of Claim having been timely served.

    4.    More than thirty (30) days have elapsed since October 10, 2024, the date of

presentation of said Notice of Claim, and no adjustment or payment has been made by defendant.

5. That at all times hereinafter mentioned, defendant, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. On or about October 10, 2024, within ninety (90) days after accrual of the cause of action herein, plaintiff served upon the defendant, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, the Notice of Claim setting forth the time when, the place where and the manner in which the claim arose.

7. More than thirty (30) days have elapsed since October 10, 2024, the date of presentation of said Notice of Claim, and no adjustment or payment has been made by defendant.

8. This action is being commenced within one year and ninety (90) days of the date of the occurrence herein.

9. Upon information and belief, at all the times hereinafter mentioned, defendant, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, that at all the times hereinafter mentioned, defendant, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, was and still is a foreign corporation authorized to do business in the State of New York.

11. Upon information and belief, that at all the times hereinafter mentioned, defendant, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, was and still is a limited liability company doing business in the State of New York.

12. Upon information and belief, at all the times hereinafter mentioned, defendant,

FILED: BRONX COUNTY CLERK 02/07/2025 02:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 803110/2025E
RECEIVED NYSCEF: 02/07/2025

THE LONG ISLAND RAILROAD COMPANY, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Upon information and belief, that at all the times hereinafter mentioned, defendant, THE LONG ISLAND RAILROAD COMPANY, was and still is a foreign corporation authorized to do business in the State of New York.

14. Upon information and belief, that at all the times hereinafter mentioned, defendant, THE LONG ISLAND RAILROAD COMPANY, was and still is a limited liability company doing business in the State of New York.

15. Upon information and belief, that at all times hereinafter mentioned, on or about the 1st day of September, 2024, defendant, THE CITY OF NEW YORK, owned the sidewalk on East 140th Street, including the sidewalk located underneath an overpass, between Walnut Avenue and Bruckner Boulevard, and upon information and belief between the premises known as 850 East 140th Street and 816 East 140th Street, which is a premises known as NYC Water Works, County of Bronx, City and State of New York; as well as the surrounding area thereat.

16. Upon information and belief, that at all times hereinafter mentioned defendant, THE CITY OF NEW YORK, its agents, servants and/or employees, operated the aforesaid sidewalk and surrounding area thereat.

17. Upon information and belief, that at all times hereinafter mentioned defendant, THE CITY OF NEW YORK, its agents, servants and/or employees, maintained the aforesaid sidewalk and surrounding area thereat.

18. Upon information and belief, that at all times hereinafter mentioned defendant, THE CITY OF NEW YORK, its agents, servants and/or employees, managed the aforesaid sidewalk and surrounding area thereat.

19. Upon information and belief, that at all times hereinafter mentioned defendant, THE CITY OF NEW YORK, its agents, servants and/or employees, controlled the aforesaid sidewalk and surrounding area thereat.

20. Upon information and belief, that at all times hereinafter mentioned defendant, THE CITY OF NEW YORK, its agents, servants and/or employees, supervised the aforesaid sidewalk and surrounding area thereat.

21. Upon information and belief, that at all times hereinafter mentioned defendant, THE CITY OF NEW YORK, its agents, servants and/or employees, repaired the aforesaid sidewalk and surrounding area thereat.

22. Upon information and belief, that at all times hereinafter mentioned defendant, THE CITY OF NEW YORK, its agents, servants and/or employees, inspected the aforesaid sidewalk and surrounding area thereat.

23. Upon information and belief, that at all times hereinafter mentioned, on or about the 1st day of September, 2024, defendant, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, owned the sidewalk on East 140th Street, including the sidewalk located underneath an overpass, between Walnut Avenue and Bruckner Boulevard, and upon information and belief between the premises known as 850 East 140th Street and 816 East 140th Street, which is a premises known as NYC Water Works, County of Bronx, City and State of New York; as well as the surrounding area thereat.

24. Upon information and belief, that at all times hereinafter mentioned defendant, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, its agents, servants and/or employees, operated the aforesaid sidewalk and surrounding area thereat.

25. Upon information and belief, that at all times hereinafter mentioned defendant,

THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, its agents, servants and/or employees, maintained the aforesaid sidewalk and surrounding area thereat.

26. Upon information and belief, that at all times hereinafter mentioned defendant, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, its agents, servants and/or employees, managed the aforesaid sidewalk and surrounding area thereat.

27. Upon information and belief, that at all times hereinafter mentioned defendant, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, its agents, servants and/or employees, controlled the aforesaid sidewalk and surrounding area thereat.

28. Upon information and belief, that at all times hereinafter mentioned defendant, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, its agents, servants and/or employees, supervised the aforesaid sidewalk and surrounding area thereat.

29. Upon information and belief, that at all times hereinafter mentioned defendant, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, its agents, servants and/or employees, repaired the aforesaid sidewalk and surrounding area thereat.

30. Upon information and belief, that at all times hereinafter mentioned defendant, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, its agents, servants and/or employees, inspected the aforesaid sidewalk and surrounding area thereat.

31. Upon information and belief, that at all times hereinafter mentioned, on or about the 1st day of September, 2024, defendant, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, owned the sidewalk on East 140th Street, including the sidewalk located underneath an overpass, between Walnut Avenue and Bruckner Boulevard, and upon information and belief between the premises known as 850 East 140th Street and 816 East 140th Street, which is a premises known as NYC Water Works, County of Bronx, City and State

of New York; as well as the premises, tracks, yard and property above, below, next to and abutting said sidewalk; and the surrounding area thereat.

32. Upon information and belief, that at all times hereinafter mentioned defendant, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, its agents, servants and/or employees, operated the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

33. Upon information and belief, that at all times hereinafter mentioned defendant, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, its agents, servants and/or employees, maintained the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

34. Upon information and belief, that at all times hereinafter mentioned defendant, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, its agents, servants and/or employees, managed the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

35. Upon information and belief, that at all times hereinafter mentioned defendant, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, its agents, servants and/or employees, controlled the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

36. Upon information and belief, that at all times hereinafter mentioned defendant, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, its agents, servants and/or employees, supervised the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

37. Upon information and belief, that at all times hereinafter mentioned defendant,

AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, its agents, servants and/or employees, repaired the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

38. Upon information and belief, that at all times hereinafter mentioned defendant, AMTRAK A/K/A NATIONAL RAILROAD TRANSPORTATION CORPORATION, its agents, servants and/or employees, inspected the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

39. Upon information and belief, that at all times hereinafter mentioned, on or about the 1st day of September, 2024, defendant, THE LONG ISLAND RAILROAD COMPANY, owned the sidewalk on East 140th Street, including the sidewalk located underneath an overpass, between Walnut Avenue and Bruckner Boulevard, and upon information and belief between the premises known as 850 East 140th Street and 816 East 140th Street, which is a premises known as NYC Water Works, County of Bronx, City and State of New York; as well as the premises, tracks, yard and property above, below, next to and abutting aid sidewalk; and the surrounding area thereat.

40. Upon information and belief, that at all times hereinafter mentioned defendant, THE LONG ISLAND RAILROAD COMPANY, its agents, servants and/or employees, operated the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

41. Upon information and belief, that at all times hereinafter mentioned defendant, THE LONG ISLAND RAILROAD COMPANY, its agents, servants and/or employees, maintained the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

42. Upon information and belief, that at all times hereinafter mentioned defendant, THE LONG ISLAND RAILROAD COMPANY, its agents, servants and/or employees, managed

FILED: BRONX COUNTY CLERK 02/07/2025 02:57 PM
NYSCEF DOC. NO. 1

INDEX NO. 803110/2025E
RECEIVED NYSCEF: 02/07/2025

the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

43. Upon information and belief, that at all times hereinafter mentioned defendant, THE LONG ISLAND RAILROAD COMPANY, its agents, servants and/or employees, controlled the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

44. Upon information and belief, that at all times hereinafter mentioned defendant, THE LONG ISLAND RAILROAD COMPANY, its agents, servants and/or employees, supervised the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

45. Upon information and belief, that at all times hereinafter mentioned defendant, THE LONG ISLAND RAILROAD COMPANY, its agents, servants and/or employees, repaired the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

46. Upon information and belief, that at all times hereinafter mentioned defendant, THE LONG ISLAND RAILROAD COMPANY, its agents, servants and/or employees, inspected the aforesaid sidewalk, premises, tracks, yard, property and surrounding area thereat.

47. That on or about the 1st day of September, 2024, plaintiff was a pedestrian, lawfully at the aforementioned location, on the aforementioned sidewalk.

48. That on or about the 1st day of September, 2024, plaintiff, while walking on said sidewalk at the aforementioned location in a manner that a careful, prudent person would, was caused to trip and fall, be precipitated to the ground and was caused to sustain severe personal injuries as a result of the negligence of the defendants.

49. This occurrence and the resulting injuries to this plaintiff were caused by reason of the negligence, recklessness and carelessness of the aforesaid defendants, their agents, servants, employees and/or licensees in the ownership, operation, control, repair, supervision, management, inspection and maintenance of said sidewalk, curb and surrounding area at said location in causing,

FILED: BRONX COUNTY CLERK 02/07/2025 02:57 PM
NYSCEF DOC. NO. 1

INDEX NO. 803110/2025E
RECEIVED NYSCEF: 02/07/2025

permitting and/or allowing the said sidewalk, curb and surrounding area at the aforementioned location to be, become and remain in a dangerous and hazardous condition, constituting a trap, nuisance and hazard; in failing to repair the aforementioned dangerous and defective condition; in allowing said sidewalk to become broken, cracked and depressed; in causing a raised, uneven sidewalk and area to exist; in allowing a raised, uneven sidewalk to exist; in failing to repair said sidewalk and surrounding area; in causing said sidewalk to become broken and cracked and depressed; in creating the dangerous and defective condition; in negligently performing work at said location; in causing the sidewalk to become broken; in improperly repairing and maintaining the aforesaid location; in causing and allowing a hole to exist; in negligently covering up said hole and defective condition; in failing to maintain and repair the sidewalk flags abutting each other; in causing and allowing the aforesaid sidewalk to be raised and uneven with the adjoining sidewalk; in improperly installing the aforementioned sidewalk thereat; in causing the sidewalk to be raised and broken; in improperly laying cement on said sidewalk; in failing to repair said sidewalk; in negligently repairing said sidewalk; in causing and allowing said sidewalk to become raised and uneven; in improperly laying cement and/or blacktop at said location; in failing to properly repair and patch said location; in negligently performing repairs at the aforesaid location; in causing the sidewalk area to sink and be uneven with the cement next to it; in failing to have proper lighting at said location; in failing to repair said sidewalk despite having prior written notice of the sidewalk condition which was broken, uneven, dangerous and defective; in causing and allowing a tree and tree roots to push up the sidewalk at said location; in the negligent construction of said location; in allowing a tree and tree roots to push up the sidewalk at said location; in failing to have properly functioning streetlights at said location; in failing to properly maintain the tree and tree well thereat; in causing a hole to exist thereat; in allowing a hole to exist thereat; in failing to properly

repair the tree and tree well thereat; in failing to properly maintain the curb thereat; in failing to properly repair the curb thereat; in failing to properly maintain the driveway thereat at said location; in allowing a hole to exist in the tree well thereat; in causing the sidewalk to be raised; in allowing the sidewalk to be raised; in failing to properly fill the hole thereat; in causing a tripping hazard thereat in said tree well; in failing to have a proper barrier around said tree well thereat; in failing to make the adjoining tree well even with the sidewalk at said location; in failing to maintain the overpass thereat; in failing to make the sidewalk flag thereat even with the sidewalk at said location; in failing to fill the hole thereat; in failing to have a fence thereat; in creating a dangerous condition thereat; in causing the walking area thereat to become unlevel and dangerous to walk upon; in causing and allowing the sidewalk area thereat to be uneven with the tree well thereat; in improperly loading and removing trash and trash cans and bins on to and from said sidewalk; in failing to have said sidewalk closed off; in causing the sidewalk and curb thereat to break, become broken and be in a state of disrepair; in allowing the curb thereat to become broken, cracked and depressed; in failing to have warning signs present at said location; in failing to have proper and adequate lighting and street lights at said location; and in failing to repair, backfill or pave said condition.

50.   That prior to the aforementioned occurrence, the defendants knew or should have known of the aforementioned dangerous and defective condition; and defendants had prior written notice of said condition at least fifteen (15) days prior to September 1, 2024.

51.   That at least fifteen (15) days prior to September 1, 2024, actual written notice was filed with The City of New York and The New York City Department of Transportation of the aforementioned dangerous and defective condition; and said defendants failed and or neglected to fix and make timely repairs to correct said condition.

52. That by reason of the negligence aforesaid, this plaintiff was rendered sick, sore, lame and disabled and her injuries, upon information and belief, are of a permanent character. That by reason thereof, she has been prevented from following her usual vocation and has been obliged to incur expense and obligations for medicines, medical care and attention and treatment and she is informed, and she verily believes, that she will in the future be obliged to incur further expense and obligations for medicines, medical care and attention and treatment and continuous pain and suffering and be unable to follow her current vocation, all to her damage in a sum which exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, plaintiff demands judgment against defendants in a sum which exceeds the jurisdictional limits of all lower Courts, all together with the costs and disbursements incurred herein, and for such other, further and different relief as the Court deems just and proper.

Dated: Garden City, New York
January 30, 2025

Yours, etc.,

SANDERS, ARONOVA, GROSSMAN,
WOYCIK, VIENER & KALANT, PLLC

_____
MICHAEL F. VILLECK
Attorneys for Plaintiff
**MILAGROS VELAZQUEZ**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
(516) 741-5252
**FILE #:** TRIP & F-1605746

FILED: BRONX COUNTY CLERK 02/07/2025 02:57 PM        INDEX NO. 803110/2025E
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 02/07/2025

## ATTORNEY'S VERIFICATION

**MICHAEL F. VILLECK**, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at SANDERS, ARONOVA, GROSSMAN, WOYCIK, VIENER & KALANT, PLLC, attorneys of record for Plaintiff, **MILAGROS VELAZQUEZ**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

Dated: Garden City, New York
       January 30, 2025

_____
MICHAEL F. VILLECK